SPURRIER *v.* STATE

[No. 318, September Term, 1961.]

*Decided June 14, 1962.*

The cause was argued before HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Weldon Leroy Maddox* for the appellant.

*William J. McCarthy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *George J. Helinski, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

Junior J. Spurrier, who was convicted of carrying a concealed weapon by the Criminal Court of Baltimore and was sentenced to serve the maximum term of imprisonment, has appealed.

The defendant does not deny that he was carrying a deadly and dangerous weapon, but contends primarily that the indictment (not having negatived the exceptions to the offense) was defective in that it did not fully allege a violation of Code (1957), Art. 27, § 36; and that the State was required to prove that the defendant was not within the class of persons excepted from the relevant statutes.[1]

With respect to the first contention, it is apparent that it was not necessary under the rule stated in *Howes v. State,* 141 Md. 532, to negate the exceptions set forth in § 36 (b) of Art. 27 or in §§ 48 and 49 of Art. 24 (of the Baltimore City Code). Whether an indictment must negative the exceptions in a statute depends not on whether the exceptions are contained in the enacting clause, but on whether the exceptions are so incorporated with the definition or description of the offense as to constitute a part thereof. Here, where it is clear that none of the exceptions is a constituent element of the offense charged in the indictment, the simple allegation that the accused was wearing and carrying a dangerous and deadly

---

1. Section 36 (b) of Art. 27 of the state code in essence provides that any officer or conservator of the peace of this or any other state, or any special agent of a railroad, or any other person who is apprehensive of danger, is not precluded from carrying a concealed weapon under the circumstances therein specified. In addition to these, §§ 48 and 49 of Art. 24 of the city code permits the carrying of a concealed weapon in a place of abode or fixed place of business, or elsewhere upon the issuance of a certificate by the police department.

weapon concealed upon and about his person was sufficient to inform the defendant of the accusation against him.

The second contention that the State had the burden of proving that the defendant was not within the exceptions, like the first contention, also lacks substance. For when the facts are peculiarly within the knowledge of the defendant, as they were here, the burden is on him to prove that he comes within one or more of the exceptions. *Howes v. State, supra.* See also *1 Underhill's Criminal Evidence* (5th ed.), § 53; *1 Wharton's Criminal Evidence* (12th ed.), § 20; and the Annotation: *Pleading and Proof of Exception,* 153 A.L.R. 1218.

The other questions raised by the defendant (but not his counsel) are so patently without merit as to require little consideration. There was sufficient evidence to convict the defendant of the offense charged. The sentence was within the statutory limit.

*Judgment affirmed.*