## DAVID THOMAS AGEE *v.* STATE OF MARYLAND

[No. 64, September Term, 1969.]

*Decided November 18, 1969.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Naji P. Maloof* for appellant.

*James L. Bundy, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Arthur
A. Marshall, Jr., State's Attorney for Prince George's
County,* and *Donald P. McLaughlin, Assistant State's
Attorney for Prince George's County,* on the brief, for
appellee.

THOMPSON, J., delivered the opinion of the Court.

David Thomas Agee, the appellant, was convicted in
the Circuit Court for Prince George's County of unlaw-
ful possession and unlawful control of a narcotic drug.
Judge Samuel W. H. Meloy, presiding with a jury, im-
posed concurrent sentences of three years. On appeal
Agee contends: (1) Md. Code, Art. 27, § 298 places an
unconstitutional burden of proof upon him (2) the
charge of unlawful possession merged with unlawful con-
trol.

There was evidence from which the jury could have found: During the evening of September 10, 1968, Agee attended a dance at the Knights of Columbus Hall in Oxon Hill, Maryland. While there he was arrested by Officer Robert E. Harewood of the Prince George's County Police Department who testified that he was in plainclothes when he first observed Agee walking from the entrance of the dance hall toward the men's room followed closely by Officer John A. Lew, also of the Prince George's County Police. Agee walked into the men's room, but came out at once. Officer Lew continued to follow and as they passed Officer Harewood, he observed Agee drop a crumpled piece of tissue to the floor. Almost immediately Officer Lew observed Ronald Proctor appear and casually bend over to pick up the tissue from the floor. Reacting to the situation, Lew pushed Proctor away and picked up the tissue himself. Wrapped inside the tissue he found a capsule containing a white powdery substance which was later determined to be a mixture of heroin and other substances.

Md. Code, Art. 27, § 298 provides as follows:

> "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this subtitle, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this · subtitle, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

Agee argues that under *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) this statute is unconstitutional. We do not think the principle applied in *Leary* applies here. *Leary,* which held unconstitutional a statute authorizing the jury to infer from an accused's possession of marijuana that he knew the marijuana was illegally imported, was based on the very simple proposition that the inference was not rationally connected to the facts. The statute here concerns not inferences of

fact but the burden of going forward with the evidence, which shifts during trial. At the beginning of trial, the presumption of innocence requires the State to present a *prima facie* case. If defendant presents no evidence after the *prima facie* case, he will probably be found guilty. However, defendant may go forward and prove affirmatively that he falls within a statutory exception. Properly construed, therefore, statutes like Md. Code, Art. 27, § 298 mean simply that after the State has raised its *prima facie* case, the accused has the burden to produce sufficient evidence to raise a reasonable doubt as to his guilt. We have applied a similar rule with reference to insanity, see *Parker v. State,* 4 Md. App. 62, 241 A. 2d 185; *Turner v. State,* 5 Md. App. 584, 248 A. 2d 801 and *Strawderman v. State,* 4 Md. App. 689, 244 A. 2d 888. Other cases are collected in 1 Wharton, *Criminal Evidence* § 20 (12th Edition), 153 A.L.R. 1218, and 9 Wigmore, *Evidence* §§ 2486, 2487 (3rd Edition).

Although the Court of Appeals has applied the statute under consideration in two cases, *Jenkins v. State,* 215 Md. 70, 137 A. 2d 115 and *Mazer v. State,* 212 Md. 60, 127 A. 2d 630, constitutionality was not raised or discussed. The Court in *Spurrier v. State,* 229 Md. 110, 182 A. 2d 358 applied the rule we apply here to a statute prohibiting the carrying of concealed weapons with certain exceptions for law officers, etc., at page 112 saying:

> "The second contention that the State had the burden of proving that the defendant was not within the exceptions. . . lacks substance. For when the facts are peculiarly within the knowledge of the defendant, as they were here, the burden is on him to prove that he comes within one or more of the exceptions."

See *Casey v. United States,* 276 U. S. 413, 48 S. Ct. 373, 72 L. Ed. 632.

The reasonableness of Md. Code, Art. 27, § 298 is readily apparent when it is considered that under Md. Code, Art. 27, § 298 and § 290 many persons are autho-

rized to possess a drug for various specified purposes. If the State were required to prove that the accused was not such an authorized person, it can be seen the burden on the State would be so great that narcotics laws would be almost unenforceable. Simultaneously, it is a light burden to require accused to produce evidence sufficient to raise a reasonable doubt as to whether he was authorized to possess the narcotic in question.[1]

Agee further contends that the offense of control of narcotics merged with the offense of unlawful possession. We agree that on the facts of this particular case the only control of narcotic drugs exercised by Agee was when he had them in his possession. The State suggests that since Agee apparently intended for Proctor to pick up the narcotics after they left Agee's possession, he would thereby be in control and that that would constitute a separate offense under the reasoning of the Court of Appeals in *Bryant v. State,* 229 Md. 531, 537, 185 A. 2d 190 which held that one could be in control of a drug in physical possession of another. The fallacy of the argument is apparent since no matter what Agee may have intended, Proctor never secured control of the drug because a police officer intercepted the transfer. Of course, it cannot be said that the police officer's possession was in any way controlled by Agee. We indicated in note 6 of *Haley v. State,* 7 Md. App. 18, 253 A. 2d 424 that a conviction of possession based upon physical possession would preclude a conviction also for control based on the same possession.

> *Judgment affirmed as to count No. 1; judgment vacated as to count No. 2.*

---

1. Under *U. S. Code,* Title 18, § 1402 *heroin* can only be used for scientific research, but the Maryland statute is not so limited.