498 P.2d 670

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Thomas B. MADSEN, Defendant and Appellant.**

**No. 12700.**

Supreme Court of Utah.

June 28, 1972.

4. 12 Utah 2d 153, 157, 384 P.2d 103 (1961).

Samuel King and Dale J. Craft, of King, Craft & Bullen, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young and David R. Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The defendant was found guilty of selling a stimulant drug in violation of Section 58–33–4 and 6, U.C.A.1953, as amended. The defendant is here seeking a reversal or, in the alternative, a new trial.

On the evening of March 2, 1971, Jonette Czerny and Daran Carr met the defendant and one Edelman at a restaurant in Provo, Utah. Carr was a member of the Brigham Young University Security Police and he and Miss Czerny were there with the expectation of obtaining drugs from Edelman. While at the

restaurant a transaction took place which involved the passing of currency under the table where it was received by the defendant. In exchange a plastic bag was delivered by the defendant to Carr which contained a substance which was white in color. Carr and Miss Czerny drove to the B.Y.U. police station where the plastic bag was turned over to another officer by the name of Farr. Farr placed the packet in a clear plastic pill bottle and sealed the same with a piece of Scotch tape on which he had placed his initials. Farr then placed the bag in an evidence locker. The following day Sgt. West of the B.Y.U. Security Police removed the item from the evidence locker and after initialing the tag which had been attached by Officer Farr, he placed the item in the main evidence locker. Some six days later, Officer Farr delivered the item to Dr. Albert Swensen of the Brigham Young University Chemistry Department, and it was thereafter placed in Dr. Swensen's safe.. The item remained in Dr. Swensen's safe until he removed it for the purpose of making a chemical analysis.

At the time the sample was produced in court the pill bottle had been unsealed and some of the markings on the plastic bag were obliterated. The sample is now before the court as State's Exhibit No. 2. Dr. Swensen, who made a chemical analysis of Exhibit 2, testified that his examination revealed that the substance was amphetamine and probably methamphetamine. He also testified that d-methamphetamine and L-methamphetamine are optical isomers of each other. Dr. Swensen stated that the "d" and "l" configurations have identical chemical properties except for optical rotation, and that both are stimulants.

On appeal the defendant contends that the trial court erred in admitting Exhibit 2 in evidence inasmuch as the chain of custody had not been sufficiently shown from the time the substance had been obtained from the defendant until it was produced at trial. In respect to this contention the record reveals that each of the persons who had custody of the exhibit one time or another testified to their possession and their disposition of it until it was finally offered in evidence. Before a physical object or substance connected with the commission of a crime is admissible in evidence there must be a showing that the proposed exhibit is in substantially the same condition as at the time of a crime. The circumstances surrounding the preservation and custody of the article and the likelihood of tampering are factors to be considered in determining its admissibility. If after consideration of these factors the trial court is satisfied that the article or substance has not been changed or altered, he may permit its introduction into evidence. While it is the duty of the court

to make the first determination, the jury may disregard the evidence should they determine the custody of the article or substance has not been sufficiently shown, or that it has been altered or changed.[1] The ruling of the trial court in this regard will not be overturned unless there is a showing of an abuse of discretion. The record in this case does not reveal an abuse of discretion.

█ The other claimed error upon which the defendant relies for a reversal is that the statute under which the charge was laid proscribes only dl-methamphetamine and that the State had the burden of proving the substance in question was dl-methamphetamine to the exclusion of any other substance. Section 58–33–1, U.C.A.1953, as amended, defines a stimulant drug in the following language:

(2) Any drug which contains any quantity of (A) amphetamine: dl-methamphetamine, or any of their optical isomers; (B) any salt of amphetamine: dl-methamphetamine; or any salt of an optical isomer of amphetamine: dl-methamphetamine; or (C) any substance designated by regulations promulgated under the federal act as habit-forming

because of its stimulant affect [effect] on the central nervous system.

Section 58–33–6(1), U.C.A.1953, setting forth the proscribed acts, is in the following language:

It shall be unlawful for any person to manufacture, compound, process, possess, have under his control, sell, prescribe, administer, dispense, use or compound any depressant, stimulant, or hallucinogenic, or other drug, as defined herein, . . ..

It is also noted that the word "sale" as used in Section 58–33–6 is defined in Section 58–33–1(h), which defines a sale as including order, exchange, transfer, give, convey, etc.

The offense charged against the defendant clearly comes within the prohibited acts set forth in the statute above referred to and within the definitions therein. A careful review of the record fails to disclose errors of sufficient gravity to compel a reversal. The verdict and judgment of the court below are affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.

1. Utah Farm Bureau Ins. Co. v. Chugg, 6 Utah 2d 399, 315 P.2d 277; Gallego v. United States, 9 Cir., 276 F.2d 914; United States v. Stevenson, 7 Cir., 445 F.2d 25.