501 P.2d 636

STATE of Utah, Plaintiff and Respondent,

v.

Gerald Fay TUGGLE, Defendant and Appellant.

No. 12695.

Supreme Court of Utah.

Sept. 25, 1972.

Gerald Fay Tuggle, pro se.

Vernon B. Romney, Atty. Gen., Davis S. Young and David R. Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The appellant, hereinafter called defendant, appeals from a jury verdict and judgment and sentence pursuant thereto for the crime of transferring a stolen motor vehicle knowing the same to have been stolen, in violation of Section 41–1–112, U.C.A. 1953. The proof is ample to sustain the verdict.

The errors relied upon for reversal are:

1. That the trial judge assisted the prosecutor in examining witnesses.

2. That the trial judge erred in receiving documents to prove title to the car.

3. That the trial judge erred in not dismissing the information because there was no showing that the defendant transferred possession of the stolen car.

As to the last claim, there is no merit at all. The defendant had registered the car under a serial number lifted from an automobile being dismantled in a wrecking yard. He had obtained a loan and used the automobile as security. After default, the lender picked up the car and with defendant's permission delivered it to a car dealer in order for the defendant to trade it for a pickup truck. The trade ar-

rangement was such that defendant was able to pay the lender in full. Thereafter the officers of the law took possession of the stolen automobile, and this criminal prosecution followed.

The mere fact that it was the lender who physically transported the car to the motor company has nothing to do with the transfer of possession thereof. The lender had no knowledge that the car was stolen. It only wanted to collect the money due it. The defendant wanted to trade the car and get cash in connection with the deal. It was he who made the actual transfer of the purported title and who thereby divested himself of all rights to the possession of the car which he theretofore may have had. It was only then that the transfer of possession was made. The lender only had *custody* of the automobile. That custody was for a limited purpose only, to wit: To insure payment of the loan.

█ As to the contention that the court erred in asking questions, we do not find any error. The Canons of Judicial Ethics of the American Bar Association provide:

A judge may properly intervene in a trial of a case to promote expedition, and prevent unnecessary waste of time, or to clear up some obscurity . . . Conversation between the judge and counsel in court is often necessary.

The prosecutor was new and inexperienced. The questions which he attempted to frame were obvious, and in the interest of saving time the court made a few suggestions.

The law is stated in the case of People v. Harris, 87 Cal.App.2d 818, 198 P.2d 60, 65 (1948):

. . . [T]he law does not require the judge to maintain a sphinx-like attitude and merely to announce his decision upon mooted points. On the contrary, he must see to it that no factual issue is left in a fog when by proper statement or inquiry the testimony might be made clear. His primary duty is to see that justice is administered, and this cannot under all circumstances be done by silence and inaction in the presence of a controversy. . . .

While we think it preferable for the trial judge to refrain from interfering with the orderly examination of witnesses, we do not think there was any error in the manner in which the trial judge acted in getting at the truth.

The complaint made about the documents of title which were admitted into evidence seems to relate to the fact that the custodian did not bring the original into court. Photostatic copies were introduced and oral testimony given that they were true and exact reproductions of the originals.

Ordinarily the admissibility of evidence is for the trial court, and in the absence of an abuse of discretion on the part of the court the ruling will not be disturbed on appeal. While the principal custodian of the records was out of the state and unable to testify, other employees testified as to the correctness of the copies. The State moved for a continuance so that the absent witness might be brought back to testify. The court, however, refused to grant a continuance, apparently convinced that his testimony would not be necessary.

In the case of State v. Sedillo, 82 N.M. 287, 480 P.2d 401 (1971), the court held that a copy of a radio log was sufficiently authenticated by testimony, even though there was no attempt to have the copy certified as an official record.

Rule 68(2), Rules of Evidence, provides:

Other proof. This rule does not prevent the proof of official records or of entry or lack of entry therein by any method authorized by any applicable statute or by rules of evidence at common law.

This is similar to the New Mexico statute regarding the admission of an official document when certification is not available.

Besides, the evidence showed that the defendant had admitted that at the time he bought the car, he knew it was stolen.

We find no reason to reverse the conviction and, therefore, affirm the judgment and sentence.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.