502 P.2d 1147

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**James Lorin PORTER, Defendant and Appellant.**

**No. 12588.**

Supreme Court of Utah.

Nov. 1, 1972.

Salt Lake Legal Defenders, Bruce C. Lubeck, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

James Lorin Porter seeks to reverse his conviction by a jury of possession of a sto-

len motorcycle in violation of Sec. 41–1–112, U.C.A. 1953. His principal contention is that the State failed to make affirmative proof of what he contends is an essential element of the offense stated in the emphasized portion of that statute:

> Receiving or transferring stolen vehicle a felony.—Any person who . . . has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and *who is not an officer of the law engaged at the time in the performance of his duty* as such officer, is guilty of a felony.

The evidence in brief is that on May 29, 1970, Salt Lake City Police officers located several motorcycles at a South Salt Lake residence where the defendant was present. They inspected and took serial numbers of the motorcycles. Insofar as material to this case, it was discovered that the motorcycle involved here, a Yamaha 250 c.c. Enduro, had been reported as stolen a few months earlier, in December 1969, in Sacramento, California. Upon confronting defendant with this information, his explanation was that he had received it from his ex-wife, who had requested that he keep it for her. Thereupon, pursuant to his answers to further questions they located and took possession of the motorcycle which is the subject of this charge. The defendant stated that the motorcycles were "hot" but that he thought as long as they were kept off the public roads that he "wouldn't get caught with them as a stolen bike."

This appeal does not question the sufficiency of the evidence to show possession of the stolen motorcycle. We therefore direct attention to the issue raised: whether the failure of the State to affirmatively prove that the defendant was not an officer of the law engaged in the performance of his duties defeats his conviction.

■■ It is, of course, the responsibility of the state to affirmatively prove all of the essential elements of the offense.[1] Consequently, this includes proof of any exception which is a fundamental and integral part of its definition.[2] However, conversely, exceptions which are not necessarily an essential and integral part of the definition of the offense, but are severable therefrom, need not be proved.[3] The determination of the question does not depend on whether the language of the statute is stated in specific terms as an exception, but upon whether in the context of the statute it is in fact an exception.

■ The underlying purpose of the statute here in question is the prevention

---

1. State v. Gutheil, 98 Utah 205, 98 P.2d 943.

2. State v. Segovia, 93 Idaho 208, 457 P.2d 905.

3. State v. Williamson, 22 Utah 248, 62 P. 1022.

of stealing and trafficking in stolen motor vehicles. It is comparable to Section 76–38–12, U.C.A.1953, relating to receiving stolen property. The latter section contains no such exception. We think no such exception necessary to the definition of the offense in Section 41–1–112 here under consideration and therefore do not regard it as an integral part of the State's case which requires affirmative proof.[4] This is more especially true because of the provision of Section 77–21–30:

> Exceptions, presumptions, judicial notice.—(1) *No information* or indictment for an offense created or defined by statute *shall be invalid* or insufficient merely *for the reason that it fails to negative any exception*, excuse or proviso contained in the statute creating or defining the offense.

The State need not prove more than the requisites of the complaint, information or indictment.

■ In order to guard against possible misapplication of this decision in other fact situations we make these further observations. In our increasingly congested and complex society regulatory laws continue to increase. Some of these necessarily involve numerous exceptions, which are advisedly stated in the statutes.[5] It would be highly impractical, and in some cases perhaps impossible, to prove all of the exceptions. Furthermore it would serve no useful purpose toward the desired objective: of exercising the utmost care in guarding against conviction of the innocent, but at the same time attempting to assure the conviction of the guilty. Nevertheless, it should also be stated that if upon any reasonable review of the evidence it appears that the defendant may so come within an exception as to raise a reasonable doubt of his guilt, then the State should be required to present affirmative proof on that aspect of the case.

■ What has been said above impels us to our conclusions: (1) that the exception in the statute under consideration is not part of the basic definition of the offense and thus did not require affirmative proof; and (2) that under the evidence here it does not appear that there is the remotest possibility that the defendant was a

4. See Spurrier v. State, 229 Md. 110, 182 A.2d 358, challenged conviction of carrying a concealed weapon because state failed to plead defendant was not excepted peace officer, etc. Affirmed, holding that none of the exceptions was a constituent element of the offense; McClane v. State, 170 Tex.Cr.R. 603, 343 S.W.2d 447, the state's indictment for illegal possession of a bomb was sufficient though it did not negative exceptions to, among others, duly constituted law enforcement officers.

5. Many examples could be cited, two should suffice: Sec. 58–33–6 of the Drug Abuse Control Law enumerating several exceptions to otherwise unlawful acts, and Sec. 41–1–19 of the Motor Vehicle Act excepts various vehicles from registration requirements.

police officer, and even less that he was in the performance of such duties.

██ We find no merit in defendant's other assignment of error in the admission in evidence of a record of the serial number of the stolen motorcycle and a picture of it, both of which had sufficient guarantees of credibility.[6] Moreover, they merely corroborated other evidence properly identifying the vehicle, so there could be no prejudice to the defendant. (All emphasis added.)

Affirmed.

CALLISTER, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.

Crockett, J., did not participate.

6.   State v. Davis, 121 Utah 189, 240 P.2d 265.