The STATE of Utah, Plaintiff
and Respondent,

v.

Ronald MINNISH, Defendant
and Appellant.

No. 14118.

Supreme Court of Utah.

Feb. 7, 1977.

Robert Van Sciver, Randall Todd Gaither, of Athay, Bown & Van Sciver, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., David Yocum, Asst. County Atty., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

This is an appeal from a conviction and sentence for the crime of murder in the second degree.

The generally undisputed evidence at trial was that the defendant and the victim, Lynn Steven Pearson, were acquainted and that they were patrons of the Indigo Lounge on the day of the incident, that the defendant had arrived there in the mid-afternoon, consumed a substantial quantity of an alcoholic beverage and engaged in various conversations and played pinball with the victim after his arrival in the early evening. While sitting at the bar both spoke in loud voices and thereafter left the lounge and went outside, at which time an altercation ensued, during which the defendant was struck in the face and knocked to the ground. The victim returned to the lounge and thereafter expressed his concern as to the damage he had done to defendant, returned outside and in the presence of another lounge patron offered an apology for his actions and again went back inside. Shortly thereafter the defendant obtained a revolver from his vehicle and returned to the lounge, walked to the victim, pulled the revolver out of his pocket, and aimed it at the victim, who backed up, grabbing a bar stool which he threw at defendant. Another patron, Fred Manning, grabbed for defendant's arm but was shaken off and defendant fired the shot which killed the victim. Defendant moved toward the door, was told to stop by a patron, whereupon he directed the gun toward those inside and left. He was arrested a short time later while driving his vehicle from the scene.

The appellant maintains the trial court erred by (1) excluding evidence of the char-

acter of the victim as to his propensity for violence and aggressiveness, (2) erroneously instructing the jury on the offense of second degree murder and by (3) submitting the matter to the jury without sufficient evidence.

The Utah Rules of Evidence provide that the Court may exclude admissible evidence within its discretion, under certain stated conditions.[1]

Generally, for evidence pertaining to the character of the victim to be admitted, the defendant must show that he acted in self-defense and this court has recently ruled that a person can be classified as an aggressor if he leaves the scene of a quarrel, arms himself, and then returns to renew the quarrel.[2]

■ The defendant's actions were such that it placed him in a very dubious position to claim self-defense and the trial court properly exercised its discretion under the rule in excluding evidence pertaining to the victim's propensities. The real question to be determined was what did the victim probably do? There were several objective witnesses who testified as to the shooting and adequately explained the defendant's conduct as that of an aggressor when he approached the victim with the gun.

We are of the opinion that this matter of admissibility is very clearly covered in Rule 47 of the Utah Rules of Evidence which reads in part as follows:

Character trait as proof of conduct. Subject to Rule 48, when a trait of a person's character is relevant as tending to prove his conduct on a specified occasion, such trait may be proved in the same manner as provided in Rule 46, except that (a) evidence of specific instances of conduct other than evidence of conviction of a crime which tends to prove

the trait to be bad shall be inadmissible . . . . [Emphasis added.]

As contrasted to Rule 46 (character on issue), Rule 47 definitely requires rejection of evidence of specific behavior to prove a character trait except evidence of conviction of a crime.[3]

■ Appellant's attack upon the court's instruction is without merit. The instruction was verbatim of the code provision pertaining to second-degree murder.[4] The instruction is supported by a reasonable interpretation of the evidence and was properly submitted to the jury for their deliberation thereon. Such a reasonable interpretation of the evidence would also permit the jury to determine that the lives of other than the victim were also endangered.

■ In regard to the matter of the sufficiency of the evidence, this court follows long established precedent and will not upset a conviction unless there is a clear showing that the evidence does not support the verdict.[5] In this case there is no clear showing that conviction was obtained without sufficient, competent evidence.

Judgment affirmed.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

■

---

1. U.R.E. 45.

2. State v. Schoenfeld, 545 P.2d 193 (Utah 1976).

3. U.R.E. 46, 47 and 48.

4. U.C.A., 76–5–203(c).

5. State v. Johnson, 76 Utah 84, 287 P. 909 (1930); Wyatt v. Baughman, 121 Utah 98, 239 P.2d 193 (1951); State v. Sullivan, 6 Utah 2d 110, 307 P.2d 212 (1957); State v. Roberts, 91 Utah 117, 63 P.2d 584 (1937).