STATE of Utah, Plaintiff and Respondent,

v.

EAGLE BOOK, INC. and Luana Hall Haig, Defendants and Appellants.

STATE of Utah, Plaintiff and Respondent,

v.

EAGLE BOOK, INC. and Arthur Adalid, Defendants and Appellants.

STATE of Utah, Plaintiff and Respondent,

v.

EAGLE BOOK, INC. and Arthur Adalid, Defendants and Appellants.

STATE of Utah, Plaintiff and Respondent,

v.

Willie WILLIAMS, Defendant and Appellant.

Nos. 15287, 15292–15294.

Supreme Court of Utah.

July 26, 1978.

---

15. *United States v. Olson*, 473 F.2d 686 (8th Cir. 1973).

Steven R. McCaughey, Salt Lake City, Arthur M. Schwartz and Neil Ayervais, Denver, Colo., for appellants.

Robert B. Hansen, Atty. Gen., Theodore L. Cannon, Asst. Atty. Gen., Salt Lake City, Robert L. Newey, Weber County Atty., Ogden, for respondent.

HALL, Justice:

Defendants were separately charged under U.C.A., 1953, 76–10–1204 for distribution of pornographic material. All charges were consolidated for trial and all defendants were found guilty by a jury. There are four issues raised on this appeal: (1) the constitutionality of the statute; (2) the exclusion from the jury of persons 18–21 years of age; (3) the admissibility of exhibits, relating to the chain of custody; and (4) the court's failure to give the statutory definition of the word "exhibit."

■ The first issue was decided in the affirmative by this Court in *State v. Haig*[1] and we now reaffirm that holding. Likewise, the second issue was decided in *State v. Pierren*.[2] In that case we held that persons aged eighteen to twenty-one do not constitute a cognizable class, the exclusion of which renders a jury nonrepresentative of the community. The exclusion is not in violation of defendants' Sixth Amendment right to a fair trial.

■ The third point on appeal claims the lower court erred in admitting all of the challenged exhibits. The point is based on a claim that the chain of custody of the exhibits was not sufficiently established and therefore the admission of the exhibits into evidence was reversible error. The court admitted the exhibits (pornographic materials alleged to have been distributed by defendants) and held that any weakness in the chain of custody would go to the weight of the evidence. The general rule is stated in *State v. Madsen*[3] as follows:

Before a physical object or substance connected with the commission of a crime is admissible in evidence there must be a showing that the proposed exhibit is in substantially the same condition as at the time of a crime. The circumstances surrounding the preservation and custody of the article and the likelihood of tampering are factors to be considered in determining its admissibility. If after consideration of these factors the trial court is

1. Utah, 578 P.2d 837 (1978).

2. Utah, 583 P.2d 69 (Also decided today.)

3. 28 Utah 2d 108, 498 P.2d 670 (1972).

satisfied that the article or substance has not been changed or altered, he may permit its introduction into evidence. While it is the duty of the court to make the first determination, the jury may disregard the evidence should they [sic] determine the custody of the article or substance has not been sufficiently shown, or that it has been altered or changed. [Cases cited.]

This is really a two-tiered analysis. First the trial court, in its discretion,[4] must decide whether or not the exhibit has been changed or altered. If the judge is satisfied that it has not been tampered with, he may admit it into evidence. It is then up to the jury to weigh the evidence based on its assessment of the showing of chain of custody. If that showing is strong, the jury will presumably give the evidence more weight than if the showing is weak. Defendants' challenge in this case is therefore that the trial court abused its discretion in admitting the exhibits of pornographic material into evidence. With this we cannot agree. Testimony was presented concerning the whereabouts of the material from the time of purchase until it was left with the Weber County Attorney. Once in the hands of the County Attorney, it is generally presumed that the exhibits were handled with regularity, absent an affirmative showing of bad faith or actual tampering.[5] At trial, the exhibits were identified by the purchasers by the material's outer covers and the purchasers' markings although it could not unequivocally be said that the material was identical page for page as when earlier purchased. The judge did not abuse his discretion in admitting the exhibits into evidence based on the testimony presented at trial.

The fourth and final claim is that the court erred in failing to give the statutory definition of the word "exhibit" in its instructions. U.C.A., 1953, 76–10–1201(5) defines exhibit as "to show." The court refused to so instruct the jury and said, "[t]he court's position is that the word exhibit is a word in the lay vocabulary and needs no more definition." Clearly, the court does have a duty to instruct the jury on the statutory elements of a crime.[6] The further definition of a word contained in an instruction reciting the elements is not required but is discretionary with the trial court. The trial court reasonably concluded that "exhibit" is a word well understood with explicit common meaning. It is difficult to imagine how an instruction defining exhibit as "to show" could assist the jury in any way in rendering its verdict.

Affirmed.

ELLETT, C. J., and CROCKETT, J., concur.

WILKINS, Justice (concurring).

I concur on points 2, 3 and 4 specified in the majority opinion; and concur on point 1 for reasons pertaining to the constitutionality of the statute stated by Mr. Justice Maughan in his concurring opinion in *State v. Haig, et al.*, Utah, 578 P.2d 837, 840–847 (1978).

MAUGHAN, J., concurs in the views expressed in the concurring opinion of WILKINS, J.

---

**4.** *State v. Tuggle*, 28 Utah 2d 284, 501 P.2d 636 (1972); McCormick on Evidence, Sec. 212 (E. Cleary, 2nd ed.).

**5.** *United States v. Coades*, 549 F.2d 1303 (9th Cir. 1977).

**6.** *State v. Johnson*, 112 Utah 130, 185 P.2d 738 (1947).