STATE of Utah, Plaintiff and Respondent,

v.

Johnny A. TURNER, Defendant and Appellant.

No. 860202.

Supreme Court of Utah.

Dec. 30, 1986.

Marlynn Bennett, Price, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

## Memorandum Decision

PER CURIAM:

Defendant was convicted by a jury of forging an $800 check as an advance payment for truck repairs. He now appeals, raising a plethora of issues, all of which are meritless. Without an unnecessary recitation of facts or argument, we affirm his conviction because:

1. Having appealed, defendant was not denied his right to appeal.

2. The trial testimony, including defendant's, adequately established the occurrence of the offense, even though the actual day of the month was disputed.

3. The offense occurred in Price, Utah. The jury was entitled to take notice that Price is in Carbon County. *State v. Wade,* 725 P.2d 1316 (Utah 1986).

4. The trial court did not err in allowing disputed testimony to which no objection

was raised below. *Cf. State v. Wardle,* 564 P.2d 764 (Utah 1977).

5. The State sufficiently established a chain of custody of the check forged by defendant. *State v. Madsen,* 28 Utah 2d 108, 498 P.2d 670 (1972).

██ Finally, defendant's claim of "ineffective assistance" of counsel at trial must also fail. He does not satisfy his burden to show that he was unfairly prejudiced merely because his attorney did not secure the appearance at trial of a person who was supposedly somewhere in Georgia at the time of trial. *State v. Frame,* 723 P.2d 401 (Utah 1986). Even assuming that defendant's phone bill or other unrevealed documents had been introduced as exhibits and that defendant's witnesses could have testified as he claimed, we do not find that with any reasonable probability the verdict would have been different. *State v. Frame; State v. Lairby,* 699 P.2d 1187, 1204 (Utah 1984). Defendant does not show that his counsel's representation falls below an objective standard of reasonableness. There was nothing fundamentally unfair or prejudicial in the diligent representation by defendant's trial counsel.

Affirmed.