**STATE of Utah, Plaintiff and Appellee,**

v.

**Ronald W. BASFORD, Defendant and Appellant.**

**No. 890281–CA.**

Court of Appeals of Utah.

Oct. 5, 1990.

James C. Bradshaw and Joan C. Watt (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen. and Sandra L. Sjogren (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BILLINGS and JACKSON, JJ., and ROBERT L. NEWEY, Senior Juvenile Court Judge.[1]

## OPINION

BILLINGS, Judge:

Defendant Ronald W. Basford ("Basford") appeals his conviction of possession of a stolen vehicle in violation of Utah Code Ann. § 41–1–112 (1988). We reverse.

On February 16, 1989, Basford pleaded guilty to the charge of failure to respond to an officer's signal or command. He also agreed to a bench trial on stipulated facts on the remaining charge of possession of a stolen vehicle. The following facts were presented to the court.

1. That on September 29, 1988, Mr. Ken McAffee parked his 1983 Ford pickup truck on the street in Salt Lake County.

2. That on September 29, 1988 at approximately 9:00 p.m., some person took the truck and that no person had permission to take the vehicle.

1. Robert L. Newey, Senior Juvenile Court Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (1990).

3. That on September 30, 1988 at 1:00 a.m., Officer H. M. Cutler of the Sandy Police Department observed the defendant, Ronald W. Basford, driving Mr. McAffee's 1983 Ford pickup in Sandy, Utah.

4. That Officer Cutler attempted to stop the defendant, Ronald W. Basford, but that the defendant attempted to flee.

5. That Mr. Basford was eventually stopped and arrested.

6. That Mr. Basford would testify that on September 30, 1988, he was in possession of Mr. McAffee's car at a time when he knew that the car had been unlawfully taken and further, that it was his intent to abandon the vehicle that night near the area from which it had been taken.

The trial court convicted Basford of possession of a stolen vehicle.

Section 41–1–112 provides:
Receiving or Transferring Stolen Vehicle, a Felony.
Any person who, with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or unlawfully taken, receives, or transfers possession of the same from or to another, or who has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, is guilty of a felony.
Utah Code Ann. § 41–1–112 (1988).

In his brief on appeal, Basford argues that section 41–1–112 requires as an element of the crime an intent to permanently deprive the owner of possession of the vehicle, citing: *State v. Porter*, 28 Utah 2d 364, 502 P.2d 1147 (1972); *State v. Tuggle*, 28 Utah 2d 284, 501 P.2d 636 (1972); *State*

v. *Butterfield*, 70 Utah 529, 261 P. 804 (1927).[2]

Basford contends he only intended to temporarily deprive the owner of possession of the truck and was prevented by his arrest from returning the vehicle to a place near where he took it. Therefore, he argues he was improperly convicted of possession of a stolen vehicle.

The state on appeal admits error below, agreeing Basford was incorrectly convicted of possession of a stolen vehicle, as he lacked the required intent. However, the state disagrees as to the requisite *mens rea* under section 41–1–112. The state claims the crime of possession of a stolen vehicle requires an intent to procure or pass title to the vehicle which the state concedes was not established by the stipulated facts. The state argues, however, that Basford's conviction of a third degree felony should be upheld under the joy riding statute since Basford failed to return the vehicle within 24 hours.

■ We need not decide the precise *mens rea* of section 41–1–112 as both the state and defendant agree that based upon the stipulated facts, Basford was improperly convicted of violating section 41–1–112, and we agree.

■ Section 41–1–112 is ambiguous as it is unclear whether its "intent to procure or pass title" language modifies the acts of receiving, transferring *and* possessing the vehicle, or merely receiving and transferring. The Utah Supreme Court has previously stated the legislative intent of section 41–1–112 was to prevent the stealing and trafficking of stolen motor vehicles. *State v. Porter*, 28 Utah 2d 364, 502 P.2d 1147, 1148 (1972). This is consistent with the state's interpretation of the *mens rea* required under section 41–1–112.[3] The title

---

**2.** We agree with defendant that in each of these earlier decisions involving section 41–1–112 the defendant intended to permanently deprive the owner of the vehicle. However, none include language to suggest that this *mens rea* is an element of the offense.

**3.** Although we accept the state's confession of error, we are troubled by the discussion of this statute contained in the recent supreme court

opinion of *State v. Larocco*, 794 P.2d 460 (Utah 1990). In *Larocco*, the trial court convicted the defendant of both possession of a stolen vehicle and theft of the same vehicle. *Id.* at 462. The supreme court reversed the convictions ruling that even though the vehicle had been stolen four years previously, the defendant could not be convicted of both crimes. *Id.* at 463. In its resolution of the case, the supreme court ana-

of the statute uses the term "stolen vehicle." Thus, one of the elements of the crime must include some form of permanent deprivation as argued by defendant. Otherwise, use of the term "stolen" in the title makes no sense.

The issue thus becomes whether under the stipulated facts, Basford should have been convicted of the lesser included offense of joy riding, which may be either a misdemeanor or a third degree felony. *State v. Lloyd,* 568 P.2d 357 (Utah 1977).

Section 41-1-109 provides:

(1) Any person who exercises unauthorized control over a vehicle, not his own, without the consent of the owner or lawful custodian and with the intent to temporarily deprive the owner or lawful custodian of possession of the vehicle, is guilty of a class A misdemeanor.

(2) An offense under this section is a third degree felony if the actor does not return the vehicle to the owner or lawful custodian within 24 hours after the exercise of unauthorized control.

Utah Code Ann. § 41-1-109(1)-(2) (1988).

In cases where there is insufficient evidence to support a conviction, a judgment for conviction on a lesser included offense can be entered if (1) the defendant sought such a reduction, (2) there is sufficient evidence to support a conviction for an included offense, and (3) the trier of fact necessarily found every fact required for conviction of that included offense. *State v. Bol-*

*singer,* 699 P.2d 1214, 1221 (Utah 1985). *See* Utah Code Ann. § 76-1-402(5) (1990).[4]

■ The difficulty with the state's position is the trial judge explicitly found the stipulated facts did not support a conviction under section 41-1-109. In his memorandum decision the trial judge stated:

I am finding that there is no evidence that [defendant] intended to return the vehicle and he doesn't come within [41-1-109]. The fact that he fled from the police certainly shows no intent to return that to the owner and the fact he intended to abandon it does not meet the requirements of the statute ...

The Court finds that the acts of the defendant fall within [s]ection 41-1-112[,] Utah Code Annotated. That the elements of that crime differ from the elements of the crime in [s]ection 41-1-109. That the facts stipulated to and the reasonable inferences thereof do no[t] bring this matter within 41-1-109.

Thus the elements necessary to support a conviction of joy riding as a lesser included offense under section 76-1-402(5) are not present. The finder of fact clearly did not "necessarily find every fact required for conviction of that included offense." Utah Code Ann. § 76-1-402(5).

In summary, we reverse and remand for the trial judge to vacate defendant's conviction of possession of a stolen vehicle.

---

lyzed the two part test set forth in *State v. Hill,* 674 P.2d 96 (Utah 1983). Commenting on the first prong of the test, the court stated "possessing a stolen vehicle also contains two elements: (1) possessing a vehicle, and (2) knowing or having reason to believe it was stolen." *Id.* The application of the first prong in *Hill* was not central to the court's decision in *Larocco* as the decision hinged on the application of the second prong in *Hill* and the passage of time and thus the court's language as to the elements of section 41-1-112 is dictum. The supreme court did not engage in a detailed review of authority nor a careful analysis of the statutory language and thus we do not feel compelled to follow the dictum in *Larocco* in this case. *See Gertz v. Welch,* 680 F.2d 527, 533 (7th Cir.1982), *cert. denied,* 459 U.S. 1226, 103 S.Ct. 1233, 75 L.Ed.2d 467 (1983); *York Typo Union No. 242 v. Maple Press Co.,* 442 F.Supp. 511, 517 (M.D.Pa.1977); *Bunch v. Coachella Valley Water Dist.,* 214 Cal.

App.3d 203, 212, 262 Cal.Rptr. 513, 518 (1989); *W.F. Browning III v. Europa Hair, Inc.,* 145 Ga. App. 361, 243 S.E.2d 742, 743 (1978).

4. Section 76-1-402(5) provides:

(5) If the district court on motion after verdict or judgment, or an appellate court on appeal or certiorari, shall determine that there is insufficient evidence to support a conviction for the offense charged but that there is sufficient evidence to support a conviction for an included offense and the trier of fact necessarily found every fact required for conviction of that included offense, the verdict or judgment of conviction may be set aside or reversed and a judgment of conviction entered for the included offense, without necessity of a new trial, if such relief is sought by the defendant.

Utah Code Ann. § 76-1-402(5) (1990).

JACKSON, J., and ROBERT L. NEWEY, Senior Juvenile Court Judge, concur.